IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAAIYAH HANIFAH GOLDSTEIN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1336 |
| | : | |
| FOX NEWS, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                      **JUNE 13, 2022**

Plaintiff Daaiyah Hanifah Goldstein has filed a *pro se* Complaint ("Compl.") and a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, the Court will grant Goldstein leave to proceed *in forma pauperis*, dismiss her federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and dismiss any state law claims without prejudice for lack of subject matter jurisdiction. Goldstein will be granted leave to amend to allege diversity jurisdiction if she can do so.

**I.    FACTUAL ALLEGATIONS**[1]

Goldstein names the following Defendants in her Complaint: (1) Fox News and its Chief Executive Officer Rupert Murdoch; (2) Fox News/Twitter; (3) Prince Bintal Al-Waleed; (4) Fox News reporter Alex Holly; (5) Fox News new hires/employees; and (6) Fox News Marketing Director Office.[2] (Compl. at 2, 3.) Goldstein invokes federal question jurisdiction and describes the basis for jurisdiction as follows: "Indie blogger should not be retaliated against because their

---

[1] The allegations set forth in this Memorandum are taken from Goldstein's Complaint. (ECF No. 2.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] The Fox News Marketing Directors Office is named in the caption of the Complaint only.

[sic] was a advertisement of a local reporter Alex Holly based on not much." (*Id.* at 3.) She claims that she was "retaliated, stolen, discriminated against, swindled, and lied on." (*Id.* at 4.) She alleges that the named Defendants engaged in these acts "by way of Fox News and other platforms," and that Fox News new hires and employees were involved. (*Id.* at 4.) Goldstein alleges that the events giving rise to her claims occurred in 2014 and are ongoing. (*Id.*) She claims that "many of the news are aware" of the foregoing. (*Id.*) She requests that medical records be sent from her (unidentified) lawyer's offices "and the invoice to your lawyer's offices." (*Id.* at 5.) In the section of the form Complaint requesting that the litigant describe the relief requested, Goldstein states, "[u]nspecified." (*Id.*)

## II.  STANDARD OF REVIEW

Because Goldstein appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Goldstein is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y*

2

*Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

Goldstein alleges that she was retaliated against because there was an advertisement by a local Fox News reporter based on little information. It is unclear whether the referenced advertisement constituted the alleged retaliation or whether it gave rise to it. If the latter, then Goldstein does not describe what form the alleged retaliation took. She does not describe what was stolen from her, how she was discriminated against, how she was swindled, and what precisely she means by "lied on." She does not describe how the named Defendants participated in the conduct alleged. She does not describe when or where the conduct giving rise to her claims took place, except to state that it began in 2014 and is ongoing. Goldstein seeks "unspecified" relief. In sum, the factual basis for Goldstein's claims is far from clear. However, upon review, and considering the Court's obligation to construe *pro se* filings liberally, the Court

3

construes the Complaint to be attempting to assert a First Amendment retaliation claim pursuant to 42 U.S.C. §1983, in addition to various state law claims.

A.      **Retaliation Claims**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A civil rights action brought [under] section 1983 is sustainable against state actors only." *Boyd v. Pearson*, 346 Fed. App'x 814, 816 (3d Cir. 2009) (citing *Bright v. Westmoreland Cty.*, 380 F.3d 729, 736 (3d Cir. 2004). Goldstein's federal question claims are not plausible because none of the named Defendants is alleged to be a state actor or acting under color of state law. Rather, the Defendants appear to be private citizens, a television station, and a social media outlet. Because there is no other apparent basis for a claim arising under federal law, Goldstein's federal claims must be dismissed.

B.      **State Law Claims**

Goldstein also alleges she was stolen from, swindled and "lied on." The Court liberally construes these allegations as asserting state law tort claims. Because the Court has dismissed Goldstein's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any

4

defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Goldstein does not allege the citizenship of the parties.  Rather, she provides only Pennsylvania addresses for herself and the Defendants, which suggests that she and some of the Defendants may be Pennsylvania citizens.  Accordingly, Goldstein has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Moreover, Goldstein has not adequately alleged that her claims satisfy the amount in controversy element of diversity jurisdiction.  "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."  *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).  "The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).  Here, Goldstein does not specify any amount she seeks to recover – her claim for relief is "unspecified."  Even the most liberal interpretation of Goldstein's Complaint cannot lead to the plausible conclusion that she is

entitled to recover $75,000 in damages. For this reason, too, she has not alleged plausible facts supporting the exercise of diversity jurisdiction. However, because the Court cannot state with certainty that Goldstein will never be able to allege the existence of diversity jurisdiction, she will be granted leave to amend to address this deficiency.

IV. **CONCLUSION**

For the reasons stated, the Court will grant Goldstein's application for leave to proceed *in forma pauperis*, dismiss her federal claims with prejudice, and dismiss her state law claims without prejudice for lack of subject matter jurisdiction. Goldstein will be granted leave to amend to address the deficiencies outlined herein. An appropriate Order follows.

**BY THE COURT:**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**